IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| BETTY WILLIAMS, | ) | CASE NO. 1:20-CV-00525 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is an action under 42 U.S.C. § 405(g) by Betty Williams seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Williams' 2017 application for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4]

---

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Pamela A. Barker. ECF No. 11.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 13.

Pursuant to my initial[5] and procedural[6] orders, as amended,[7] the parties have filed briefs,[8] together with supporting fact sheets.[9] In addition, they have met and conferred[10] with the objective of reducing or clarifying the matters at issue and have participated in a telephonic oral argument.[11]

For the following reasons the decision of the Commissioner will be reversed and the matter remanded.

## Facts

Williams was born in 1986 and so was 26 years old on the alleged disability onset date.[12] She is a high school graduate and attended one year of community college, although at a 2017 consultative psychological evaluation she was found to have moderate deficits in her general fund of information.[13] She lives with a boyfriend, has two children and takes care of her niece.[14] Her past relevant work was as a telemarketer, hair braider, customer service representative, and cake baker.[15]

---

[5] ECF No. 6.
[6] ECF No. 12.
[7] Non-document order entered July 13, 2020; non-document order entered August 10, 2020; non-document order entered September 14, 2020.
[8] ECF No. 16 (Williams); ECF No. 18 (Commissioner); ECF No. 19 (Williams reply).
[9] ECF No. 16, Attachments (Williams); ECF No. 18, Attachment (Commissioner).
[10] ECF No. 20.
[11] ECF No. 22.
[12] Tr. at 28.
[13] *Id.* at 22.
[14] *Id.*
[15] *Id.* at 27.

The ALJ found that Williams has the following severe impairments: disorders of the spine; obesity; bipolar disorder; generalized anxiety disorder; and post-traumatic stress disorder (PTSD).[16] The ALJ further found that none of these impairments, individually or collectively, met or medically equaled a listing.[17]

The ALJ concluded that Williams has the residual functional capacity (RFC) for light work, with the following limitations:

> Lifting up to 20 pounds occasionally and 10 pounds frequently; standing for six hours in an eight- hour day; walking for six hours in an eight-hour day and sitting for six hours in an eight-hour day; constant push/pull, occasional foot pedal; occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; constant balancing; occasional stooping, kneeling, crouching and crawling; no manipulative limitations, no visual limitations, no communicative deficits; the claimant cannot perform work around hazards such as dangerous machinery and unprotected heights; and the claimant is limited to simple, routine tasks as well as some complex tasks that take three-six months to learn; and the claimant is limited to superficial interaction with the public, co-workers and supervisors, and superficial means short-term (under five minutes) and for a specific purpose.[18]

In considering the medical evidence, the ALJ determined first that although Williams complains of lower back pain and the evidence shows some signs of various abnormalities, her physical examinations "consistently demonstrated normal muscle strength, normal sensation, normal reflexes and normal gait."[19] The ALJ also noted that

---

[16] *Id*. at 21.
[17] *Id*. at 22-23.
[18] *Id*. at 24.
[19] *Id*. at 24-25.

3

Williams is obese and that obesity is an aggravating factor to her back impairments "and contributes to her limitation to a range of light work."[20]

The ALJ also found that the medical evidence indicates that Williams has severe mental impairments, such as bipolar disorder, generalized anxiety disorder and PTSD.[21] But the ALJ further found that with treatment the symptoms from these impairments only moderately limit her ability to work, a fact highlighted by Williams 'self-employment in 2017 as a cake maker.[22]

As to opinion evidence, the ALJ gave great weight state agency reviewer physical capacity assessments in April and September 2017.[23] Only partial weight was given to state agency reviewer mental capacity assessments done in May and September 2017.[24] Similarly, only partial weight was assigned to the May 2017 opinion of Dr. J. Joseph Konieczny, Ph.D., who did a consultative psychological examination.[25]

The ALJ separately assessed the individual pieces of opinion evidence from Dr. Luis Ramirez, M.D., who became Williams 'treating psychologist.[26] First, the ALJ gave only partial weight to a medical source statement from August 2017, noting that Dr. Ramirez at that time did not have a long-term relationship with Williams and further noting

---

[20] *Id*. at 25.
[21] *Id.*
[22] *Id*.
[23] *Id*. at 25-26.
[24] *Id*. at 26.
[25] *Id.*
[26] *Id*. at 26-27.

4

that while Dr. Ramirez found some deficiencies in Williams 'social interaction and in dealing with work pressures, he otherwise concluded that Williams was only moderately limited in these areas.[27] The ALJ gave little weight to a checklist medical source statement by Dr. Ramirez from September 2018, concluding that "the overall evidence does not indicate that [Williams] is [as] limited [as Ramirez opined]."[28] In addition, the ALJ gave little weight to a August 2018 letter from Dr. Ramirez stating that Williams cannot engage in any gainful employment now or in the future, finding that such a determination is reserved to the Commissioner.[29]

Finally, the ALJ, with testimony from a vocational expert (VE), found that, under the terms of the RFC, Williams was capable of performing her past relevant work as a cake baker and so was not disabled.[30] In the alternative, the ALJ, with testimony from the VE, found that Williams, under the terms of the RFC, would be able to perform the duties of mailroom clerk, garment sorter and packer, and that jobs in these areas exist in sufficient number in the national economy.[31]

### Issues on Judicial Review

Williams raises two issues on judicial review:

---

[27] *Id*.
[28] *Id*. at 27.
[29] *Id*.
[30] *Id*.
[31] *Id*. at 28-29.

    1.      The ALJ failed to properly evaluate her severe psychological impairments when he failed to properly evaluate the opinions of Dr. Ramirez, a treating source.

    2.      The ALJ erred when he found Williams able to do her past work as a cake baker and/or perform other jobs in the national economy.[32]

Initially, Williams presents several distinct arguments as all arguably a part of her first issue:

    (a)      the ALJ failed to properly evaluate Williams 'obesity according to SSR 02-1p;[33]

    (b)      the ALJ failed to discuss Williams 'history of rape and sexual abuse in connection with her PTSD and with the "B" criteria of the psychological listings;[34]

    (c)      the ALJ's finding of only moderate limitations in the "B" criteria is contrary to the evidence;[35]

    (d)      the ALJ's decision to give greater weight to non-treating source opinions and to give only partial weight to the opinion of Dr. Ramirez, a treating source, is not supported by the evidence and was arrived at without following the rules governing the analysis of treating source opinions.[36]

---

[32] ECF No. 16 at 1.
[33] *Id*. at 14-15.
[34] *Id*. at 15-16.
[35] *Id*. at 16.
[36] *Id*. at 17-21.

As to the second stated issue – the alleged error in finding that Williams could return to her prior work as a cake baker – Williams argues that although the VE testified that cake baking is usually done at a light skilled level, the VE also found that, as performed by Williams, the job was done at the semi-skilled level.[37] Given that the regulations state that semi-skilled work requires alertness and close attention, the RFC requirement that Williams be limited to simple routine tasks is not consistent with semi-skilled work, and if she is unable to do semi-skilled work, she would have been precluded from performing her past relevant work.[38] Further, if all the limitations put forward by Dr. Ramirez were incorporated into the RFC it would also preclude Williams from engaging in any substantial gainful activity on a sustained basis.[39]

## Analysis

I first make two preliminary observations. First, this matter is generally adjudicated under the well-established and widely known substantial evidence standard, which need not be re-stated here. Second, to the extent that the ALJ's analysis of Dr. Ramirez's opinions is reviewed here, that review is conducted under the standard applicable at the time of this decision, which is the standard famously articulated in *Gayheart v. Commissioner*.[40]

---

[37] *Id*. at 22.
[38] *Id*. at 22-23.
[39] *Id*. at 24.
[40] *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013)).

I will deal independently with the two issues presented for judicial review.

1. The ALJ erred by not properly evaluating all the evidence for Williams' psychological impairment and by not properly weighing and considering the opinion of Dr. Ramierz.

I begin by addressing two of Williams' arguments that do not pertain directly to Dr. Ramirez yet are asserted in the first claim - obesity and PTSD and the "B" criteria.

As to obesity, Williams claimed that the ALJ did not consider how her obesity might affect her RFC.[41] The Commissioner, for his part, points out that the ALJ devoted a paragraph in the opinion to Williams' obesity and concluded that her obesity is an aggravating factor to her back impairments and contributes to limitation to light work.[42] Williams in reply argues that this statement failed to comply with the regulations because it is "unclear" why she would be limited to the light exertional level rather than sedentary.[43]

As is well-known, although there is no separate listing for "obesity," that condition is recognized as having the potential to "increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirement of a listing."[44] Moreover, the regulations requires assessing the impact of obesity on the RFC, specifically requiring the ALJ to ascertain "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work

---

[41] ECF No. 16 at 14-15.
[42] ECF No. 18 at 5-6 (quoting opinion).
[43] ECF No. 19 at 1.
[44] *Norman v. Astrue*, 694 F.Supp.2d 738, 749 (N.D. Ohio 2010) (citing SSR 02-01p).

8

environment," as well as how obesity may impact an individual's ability to sustain both mental and physical function over time.[45] Most importantly, the regulations state that the ALJ "will explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations."[46]

Here, the ALJ initially cited to the clinical evidence that Williams is obese.[47] Then, the ALJ acknowledged that this obesity is an "aggravating factor" in her back impairments and "contributes to her limitation" to light work.[48] But, as is clear from this brief statement, the ALJ does not describe what particular physical functions are limited or to what degree, nor discuss how obesity could impact Williams 'functions – mental and physical – over time. This absence of analysis, as required by the regulations, makes it impossible for the reviewing court to evaluate the ALJ's finding that Williams 'obesity is consistent with her being able to do light work.

Moving to PTSD and the "B" criteria, the Commissioner contends that while Williams claims the ALJ did not address her PTSD caused by sexual trauma and asserts that the ALJ erred by finding only moderate limitations in the "B" criteria of psychological listings, these arguments are meritless.[49]

---

[45] *Id.*
[46] *Id.*
[47] Tr. at 25.
[48] *Id.*
[49] ECF No. 18 at 6.

9

In particular, the Commissioner contends first, as concerns the PTSD argument, that neither the condition itself nor its cause are relevant, only any functional limitation arising from it.[50] And in the area of functional limitations caused by PTSD, the Commissioner argues that the limitations restricting the complexity of work she can perform and limiting her interaction with others both deal adequately with functional limits rooted in PTSD.[51]

Next, the Commissioner points out that while Williams maintains that the ALJ erred in finding only moderate limitations in the paragraph "B" criteria, the ALJ also found that her mental impairments were "severe."[52] Moreover, to the extent that Williams seeks to base an RFC limitation on any paragraph "B" finding, the Commissioner argues that the RFC finding as to mental limitations is grounded on the conclusions of consultative examiner Dr. Joseph Konieczny, Ph.D.,[53] whose conclusions in these areas, were given partial weight, along with those of Leslie Rudy, Ph.D. and Stanley Kravitz. Ph.D., who also evaluated mental capacity.[54]

Williams, in reply, essentially contends that the eventual RFC contains only limitations as to simple routine tasks and superficial interaction with others, and not "all the limitations" imposed by the source opinions.[55]

---

[50] *Id*.
[51] *Id*. at 6-7.
[52] *Id*. at 7.
[53] *Id*.
[54] Tr. at 26.
[55] ECF No. 19 at 2.

Here the ALJ gave only partial weight to the consultant opinions, hardly, of itself, grounds for claiming that these opinions should have been adopted in full. More importantly, a closer reading of the ALJ's analysis of these opinions shows that in that cases of Dr. Rudy and Kravitz, these sources opined that Williams has fewer mental limits than were imposed by the RFC and that it was the ALJ who reduced the weight given to these opinions because he found that the evidence supported greater mental limitations.[56]

Accordingly, and strictly confining the analysis for now to the opinions of the consulting sources, I find no error in the opinion of the ALJ on this point.

That said, however, the issue as to which mental limitations should be included in the RFC actually comes down to how Dr. Ramirez's opinion was handled, since he was Williams 'treating psychiatrist.

I focus now especially on the ALJ's treatment of Dr. Ramirez's August 2018 letter and on his medical source statement of September 2018. Both were given little weight by the ALJ.[57] The ALJ dismissed the letter because it contained the language opining that Williams was disabled[58] - language that has frequently been cited by the Commissioner as a sort of silver bullet to eliminate an entire document if this phrase is included. The medical statement was dismissed because it was in the form of a checklist that, of itself, contained, in the words of the ALJ, "very little explanation" to support its conclusions.[59] But on the

---

[56] Tr. at 26.
[57] *Id*. at 27.
[58] *Id*.
[59] *Id*.

topic of minimal explanations, it was the ALJ who also gave "very little explanation" to his comment that the September medical source statement was defective because "the overall evidence [unspecified] does not indicate that [Williams] is as limited that limited."[60]

It has long been true that it is not enough for an ALJ to simply dismiss a treating source opinion because, in some unspecified way, that opinion was incompatible with or not supported by the record. There must be some effort made to identify the particular deficiencies in the treating source opinion in comparison to the other evidence " –to explain why it is that the treating physician's conclusion gets the short end of the stick."[61]

As Williams points out, the ALJ's reason for downgrading the opinion of Dr. Ramirez was that it was in conflict with the other evidence of record, but then failed to specify what that conflicting evidence was.[62] That failure means that the reviewing court is unable to properly review the ALJ's decision since the ALJ has not provided a clear link to what evidence was relied upon to downgrade Dr. Ramirez's opinion. As such, the decision of the Commissioner is not supported by substantial evidence and the matter must be remanded.

2. The ALJ erred when he found that Williams could return to her job as a cake baker and/or perform other jobs in the national economy.

---

[60] *Id*.
[61] *Friend v. Comm'r of Soc. Sec.*, 375 Fed. Appx. 543, 552 (6th Cir. 2010).
[62] ECF No. 16 at 21.

The essence of this claim is that while the VE testified that the job of cake baker is a skilled position done at the light exertional level, Williams performed her job at the semi-skilled level.[63] Williams argues that the RFC's limitation to simple routine tasks is incompatible with also saying that she can do the semi-skilled work of a cake baker.[64]

The Commissioner, for his part, points to the fact that the VE also testified that Williams could perform other jobs in addition to that of cake baker, and further argues that Williams 'true argument is not with this Step Five conclusion but that "Williams 'actual challenge is to the ALJ's RFC assessment."[65]

The Commissioner's point is well-taken. Inasmuch as I have already concluded that the matter must be remanded for a re-consideration of the functional opinion of Dr. Ramirez, I make no finding as to this claim but expect that should, on remand, any new functional limitations be added to the RFC, an appropriate re-evaluation at Step Five will also occur.

---

[63] ECF No. 16 at 22 (citing record).
[64] *Id.* at 22-23.
[65] ECF No. 18 at 13.

## Conclusion

For the reasons stated, the decision of the Commissioner is found to not be supported by substantial evidence and is therefor reversed, with the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: September 30, 2021                                s/William H. Baughman Jr.
                                                         United States Magistrate Judge